## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

**MARIA JONES,**

                    **Plaintiff,**

**v.**

**SAFEWAY INC.,**

                    **Defendant.**

**Civil Action No.  1:12-CV-03547-ELH**

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO
## DISMISS AND FOR PROTECTIVE ORDER TO STAY PROCEEDINGS

Defendant Safeway Inc. ("Safeway"), by and through its counsel, and pursuant to Rules 12(b)(1), 12(b)(6), and 26(c) of the Federal Rules of Civil Procedure, hereby submits this memorandum in support of its Motion to Dismiss this action and its Motion for Protective Order to stay all proceedings in this case pending the resolution of the motion to dismiss.

On Tuesday, September 30, 2014, Safeway discovered during Plaintiff's deposition that she had filed for Chapter 7 bankruptcy.  The following day, Safeway reviewed Plaintiff's bankruptcy filings and learned that she had been granted a discharge but had never disclosed the instant lawsuit to the Bankruptcy Court.  As a result, this case should be dismissed with prejudice both because the Court lacks subject matter jurisdiction and because Plaintiff has failed to state a claim for which relief can be granted.

Due to the dispositive nature of this motion and upcoming deadlines in the case, including a deposition scheduled for October 2, 2014, Safeway additionally requests that the

Court issue a protective order to stay all discovery and all subsequent proceedings in this lawsuit pending resolution of this motion to dismiss.[1]

## I.     RELEVANT BACKGROUND

On December 3, 2012, Plaintiff filed the instant action alleging claims of race discrimination (disparate treatment and disparate impact), retaliation, age discrimination and conspiracy pursuant to 28 U.S.C. § 1985.  Plaintiff subsequently filed an Amended Complaint & Jury Demand on April 3, 2013, in which she dropped all claims with the exception of her retaliation claims.

Plaintiff filed her Second Amended Complaint on May 9, 2014, in which she reasserted claims of race discrimination (disparate treatment and disparate impact) in addition to her retaliation claims.  On Safeway's motion, the Court dismissed with prejudice Plaintiff's disparate impact race discrimination claim in July 2014.    Discovery has continued on the remaining claims.

On September 30, 2014, counsel for Safeway took Plaintiff's deposition.  During the deposition, Plaintiff revealed for the first time that she had filed for bankruptcy under Chapter 7 in June 2014 and that the bankruptcy had been closed by the Court.  Safeway had served Plaintiff with a document request for all documents related to any case other than the instant action.  (*See* Exhibit 1, Safeway's First Request For The Production of Documents And Things, at 10, Request No. 14.)  Plaintiff, however, never produced any documents related to her bankruptcy case.

 Plaintiff's Voluntary Petition for Bankruptcy ("Petition") was filed on June 24, 2014. (*See* Ex. 2, Voluntary Petition.)[2]   On June 19, 2014, Plaintiff verified under penalty of perjury

---

[1]     Safeway alerted Plaintiff's counsel that it would be serving this motion and conveyed that Safeway will agree to an appropriate extension of the discovery period should its motion to dismiss be denied.

that she had "read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct." (*Id.* at 32.) With her Petition, Plaintiff was required to list her personal property and its estimated value. (*Id.*, Schedule B, at 9-11.) The types of personal property to be disclosed included "contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." (*Id.* at 10.) Plaintiff listed only a "Pending Worker's Compensation Settlement." *Id.* Plaintiff failed to disclose the instant lawsuit in her voluntary bankruptcy petition under Chapter 7.

Similarly, in Plaintiff's Statement of Financial Affairs, she was asked to "[l]ist all suits or administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy petition." (*Id.* at 26.) Plaintiff did not list the instant lawsuit and instead checked the box indicating "None." *Id.* The Bankruptcy Court granted Plaintiff a discharge and closed her bankruptcy case on September 23, 2014. (*See* Ex. 3, Order Granting Discharge of Debtor.)

For the reasons set forth below, Safeway respectfully requests that the Court dismiss all of Plaintiff's claims with prejudice due to Plaintiff's lack of standing before this Court. When Plaintiff filed for bankruptcy on June 24, 2014, her claims became the sole property of the bankruptcy estate and she is no longer a proper party to pursue them. In addition, Plaintiff is judicially estopped from asserting the claims set forth in this lawsuit because she maintained before the Bankruptcy Court that she had no such claims. In the meantime, and until this Motion to Dismiss is resolved, Safeway seeks a stay of all proceedings on this matter, including all discovery proceedings.

---

[2]   The Court may take judicial notice of the bankruptcy proceedings from the United States District Court for the District of Maryland. *See Colonial Penn Ins. Co. v. Coi*l, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "'the most frequent use of judicial notice is in noticing the content of court records"); *see also Anderson v. F.D.I.C.*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) ("the bankruptcy court is considered 'a unit of the district court' under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records . . . .").

## II.   LEGAL STANDARDS

**A.   Motion To Dismiss Pursuant to Rule 12(b)(1)**

Safeway's motion is made, in part, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  "Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States."  *Pye v. United States*, 269 F.3d 459, 466 (4th Cir. 2001) (citations omitted). "A court does not have subject matter jurisdiction over an individual who does not have standing." *Atlantigas Corp. v. Columbia Gas Transmission Corp.*, 210 Fed. App'x 244, 247 (4th Cir. 2006)   "In a Rule 12(b)(1) motion, the court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'"  *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)).  "It is the plaintiff's burden to prove that jurisdiction in this court is proper."  *Id.*; *see also Richmond, Fredericksburg, & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

**B.   Motion to Dismiss Pursuant to Rule 12(b)(6)**

Safeway further maintains that this case should be dismissed pursuant to Rule 12(b)(6) because Plaintiff failed to set forth actionable claims as a matter of law.  To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff is obligated to "provide the grounds of his entitlement to relief," including "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008); *Jackson v. State of Maryland*, Civil No. JFM-10-463, 2010 U.S. Dist. LEXIS 64937, at *2 (D. Md. June 30, 2010).   A

complaint may withstand a motion to dismiss if it contains plausible factual allegations that demonstrate something more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Satisfying this obligation "requires more than labels and conclusions…[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Although a court evaluating a defendant's motion to dismiss must assume that all facts in the complaint are true, the court need not accept unsupported legal allegations.  *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Nor must it accept legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Conclusory assertions are simply insufficient to surpass the requirements of Rule 12(b)(6).  *See Giarratano*, 521 F.3d at 304.  To pass muster under Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief *above the speculative level*…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (emphasis added) ("[T]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.").  "[I]n order to survive a Rule 12(b)(6) motion to dismiss . . . , [a plaintiff] must plead facts sufficient to support a claim for relief."  *Ashe v. Giant of Maryland, LLC*, Civil Action No. AW-06-1293, 2007 U.S. Dist. LEXIS 99026, at *12 (D. Md. July 17, 2007).

## III.   LEGAL ARGUMENT

### A.   Plaintiff's Claims Should Be Dismissed With Prejudice Because She Lacks Standing To Bring Those Claims In This Court.

Because the instant lawsuit and all of its claims accrued prior to Plaintiff's filing for Chapter 7 Bankruptcy, these claims became assets of the bankruptcy estate when Plaintiff filed her Petition.  Notwithstanding Plaintiff's failure to disclose these assets in her Petition, the

appointed Trustee of her bankruptcy estate was and is the only party who has the authority to pursue these claims.  As a result, this Court should dismiss Plaintiff's claims in their entirety, with prejudice, because she lacks standing in this Court.

### 1.   Plaintiff's Claims Are Part of the Bankruptcy Estate.

Immediately upon the filing of a Chapter 7 bankruptcy petition, a bankruptcy estate is created and "all legal or equitable interests of the debtor in property as of" the filing date are included in the estate.  11 U.S.C. §§ 301-303, 541(a) (1).  All debtors are required to provide a full and complete list of his or her assets in the petition, which "includes all of the debtor's interests in any cause of action that has accrued prior to the bankruptcy petition."[3] *Miller v. Pacific Shore Funding*, 287 B.R. 47, 49-50 (D. Md. 2002) (emphasis added), *aff'd*, 92 Fed. App'x 933 (4th Cir. Jan. 28, 2004) (citations omitted); *see also Chartschlaa v. Nationwide Mut. Ins. Co.*, 538 F.3d 116, 122 (2d Cir. 2008), *cert. denied*, 555 U.S. 1213 (2009) ("[E]very conceivable interest of the debtor, future, nonpossessory, contingent, speculative, and derivative, is within the reach of § 541," including "causes of action owned by the debtor….").  Even if the debtor fails to disclose any causes of action to the Bankruptcy Court, these claims nevertheless become the "exclusive property of the bankruptcy estate" upon the filing of a petition for bankruptcy.  *Robertson v. Flowers Baking Co. of Lynchburg, LLC*, 2012 U.S. Dist. LEXIS 29854, at *13-14 (W.D. Va. March 6, 2012) *aff'd*, 2012 U.S. App. LEXIS 15400 (4th Cir. Va., July 23, 2012); s*ee also Miller*, 287 B.R. at 50 (holding that property of the debtor does not escape the bankruptcy estate even if the debtor is unaware of its existence).

In this matter, Plaintiff filed a Complaint & Jury Demand in December 2012, an Amended Complaint in April 2013, and a Second Amended Complaint in May 2014.

---

[3] Under Maryland law, "a cause of action accrues when: (1) the legally operative facts permitting the filing of a claim come into existence; and (2) the claimants have notice of the nature and cause of their injury."  *Borlo v. Navy Fed. Credit Union*, 458 B.R. 228, 232 (D. Md. 2011) (citations omitted).

Accordingly, when she filed her Petition for Bankruptcy on June 24, 2014, there is no dispute that her interests in the claims set forth in the instant lawsuit had already accrued and were actively being litigated.  As a result, all of Plaintiff's claims became the exclusive property of the bankruptcy estate when she filed her Petition on June 24, 2014.  *Ruffin v. Lockheed Martin Corp.*, 2014 U.S. Dist. LEXIS 67148, at *17 (D. Md. May 15, 2014).

## 2. Plaintiff's Claims Should Be Dismissed Because The Bankruptcy Trustee Alone Has Standing To Assert Claims That Belong To The Bankruptcy Estate.

At the time Plaintiff filed her bankruptcy petition, she surrendered to the bankruptcy trustee her right to control the estate, including existing or potential legal claims.  *See Robertson*, 2012 U.S. Dist. LEXIS 29854, at *12  (*citing* 11 U.S.C. §§ 323(a), 701)*; see also In re Richman*, 1997 U.S. App. LEXIS 16159, at *1-4 (4th Cir. July 1, 1997).   The Fourth Circuit has held that "[i]f a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." *National American Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439, 441 (4th Cir. 1999).  Moreover, the bankruptcy trustee's authority extends over any accrued claims regardless of whether they were disclosed to the Bankruptcy Court in the debtor's petition.  *See Ruffin*, 2014 U.S. Dist. LEXIS 67148, at *18 ("Despite [plaintiff's] non-disclosure, because the discrimination charge is an asset of her bankruptcy estate, only the trustee has standing to assert [plaintiff's] discrimination claims."); *Robertson*, 2012 U.S. Dist. LEXIS 29854, at *13 ("[T]he bankruptcy trustee's authority also extends over causes of action…that were never disclosed to the bankruptcy court in the debtor-plaintiff's bankruptcy filing."); *see also Sain v. HSBC Mortg. Servs., Inc*., 2009 U.S. Dist. LEXIS 77336, at *11 (D.S.C. Aug. 28, 2009) ("[A] cause of action becomes a part of the estate whether or not it is disclosed by the debtor").

Here, it is undisputed that the instant lawsuit was pending before this Court at the time Plaintiff filed her Chapter 7 bankruptcy petition.  As a result, when she filed the Petition, Plaintiff's claims in the lawsuit became the sole property of her bankruptcy estate, even though she failed to disclose the lawsuit to the Bankruptcy Court.  The Bankruptcy Trustee is thus the only party who has standing to pursue Plaintiff's claims in this litigation.  Because the Court lacks subject matter jurisdiction over Plaintiff, the case should be dismissed with prejudice.  *See, e.g., Robertson,* 2012 U.S. Dist. LEXIS 29854, at *14 (holding that dismissal is proper for lack of subject matter jurisdiction when "plaintiff's claims against [d]efendant in this action, even though undisclosed to the bankruptcy court, became exclusive property of the bankruptcy estate, and therefore only the bankruptcy trustee - not Plaintiff - has the sole authority over such claims."); *Ruffin*, 2014 U.S. Dist. LEXIS 67148, at *17 (Dismissing plaintiff's claims for lack of subject matter jurisdiction because his undisclosed discrimination complaints were part of the bankruptcy estate, and thus, only the trustee could assert them).

Safeway thus respectfully requests that the Court dismiss Plaintiff's lawsuit with prejudice because she lacks standing to pursue her claims before this Court.

**B.    Judicial Estoppel Bars Plaintiff's Attempt To Litigate Her Undisclosed Claims Against Safeway.**

Even assuming that Plaintiff had standing to proceed with her lawsuit, which she does not, her lawsuit would be barred by the equitable principle known as judicial estoppel.  "Judicial estoppel is a principle developed to prevent a party from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in court." *See Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007) (*citing John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 28 (4th Cir. 1995)). *Lowery v. Stovall*, 92 F.3d 219, 223 (4th Cir.1996).  The rationale is that

8

a party should not be allowed to benefit herself "by maintaining inconsistent positions regarding a particular situation." *Id*.  The "purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." *Lowery*, 92 F. 3d at 223.

The Fourth Circuit has adopted a four-part test to establish a basis for judicial estoppel, which requires a party to show that: "1) the party to be estopped [is] advancing an assertion that is inconsistent with a position taken during previous litigation; 2) the position [is] one of fact instead of law; 3) the prior position [was] accepted by the court in the first proceeding; and 4) the party to be estopped [has] acted intentionally, not inadvertently." *See Wright v. Guess*, 2010 U.S. Dist. LEXIS 5532, *65 (D.S.C. Jan. 25, 2010) (citing *Folio v. City of Clarksburg*, 134 F.3d 1211, 1217 (4th Cir. 1998)).  Plaintiff's failure to disclose this lawsuit in her bankruptcy petition meets all four elements of this test.

First, it is undisputed that Plaintiff's representation to the Bankruptcy Court that she did not have any pending claims was wholly inconsistent with her ongoing employment discrimination and retaliation lawsuit against Safeway.  As discussed above, Plaintiff represented in her Petition for Bankruptcy that there were no suits or administrative proceedings to which she is or was a party within one year immediately preceding the filing of this bankruptcy petition. (*See* Ex. 1 at 26.)  She made this representation in June 2014 under penalty of perjury, notwithstanding that she had filed her Second Amended Complaint against Safeway approximately six weeks earlier, bringing multiple claims of employment discrimination and retaliation under federal and Maryland law.

Second, Plaintiff's inconsistent position is clearly a matter of fact, not law.  On the one hand, Plaintiff informed the Bankruptcy Court that she was not a party to any lawsuits, while on

the other hand she had been pursuing an ongoing lawsuit against Safeway for more than 18 months.

Third, the Bankruptcy Court accepted Plaintiff's position as set forth in her Petition and granted her a discharge under the Bankruptcy Code on September 23, 2014. (*See* Ex. 2, Order Granting Discharge of Debtor.)   Courts have held that where a debtor fails to list a potential claim on her bankruptcy petition, and then fails to amend the petition when the claim becomes known, three of the four criteria for judicial estoppel are generally met. *See Bland v. Doubletree Hotel Downtown,* 2010 U.S. Dist. LEXIS 18514, *8-15 (E. D. Va. March 2, 2010); *see also In re USinternetworking, Inc*., 310 B.R. 274, 281-285 (D. Md. 2004).  In this matter, it is clear that Plaintiff knew of her employment discrimination claims pre-petition, but failed to identify and list the claims as required.

Fourth, it is well established that in order for Plaintiff's non-disclosure of her lawsuit to be inadvertent, she must show that (1) she lacked knowledge of the claim; or (2) she had no motive to conceal the case. *Wright v. Guess*, 2010 U.S. Dist. LEXIS 5532, *6-7 (D.S.C. Jan. 25, 2010).   Here, Plaintiff undoubtedly knew about her pending lawsuit when she filed for bankruptcy in the midst of litigation *and* had very recently filed her Second Amended Complaint. Moreover, Plaintiff had motive to conceal her employment discrimination claims from the Bankruptcy Court because her potential recovery under the Charge would have gone into the estate, rather than directly to Plaintiff.

The facts of this matter are similar to the circumstances in the *Wright* case.  In *Wright*, the plaintiff did not disclose the potential claim against her former employer in her bankruptcy filings and the bankruptcy court confirmed her bankruptcy plan.  After the defendant filed a motion to dismiss, plaintiff amended her bankruptcy proceeding to disclose the federal court

lawsuit.  Nevertheless, the Court found that, even if plaintiff had standing, she would be barred by judicial estoppel from pursuing her claim.  2010 U. S. Dist. LEXIS 5532 at *4, (*citing Krystal Cadillac-Olds GMC Truck v. General Motors*, 337 F.3d 314, 321 (3d Cir. 2003) ("The bankruptcy rules were clearly not intended to encourage this kind of inadequate and misleading disclosure by creating an escape hatch debtors can duck into to avoid sanctions for omitting claims once their lack of candor is discovered").  The plaintiff argued that her failure to disclose the lawsuit was due to inadvertence, but the Court disagreed, finding that it could infer motive "because plaintiff's disclosure of her lawsuit in her bankruptcy petition could have increased the amount of her assets, resulting in a less-favorable Chapter 13 plan."  2010 U. S. Dist. LEXIS 5532 at *6.  Just as in *Wright*, any recovery would have increased her amount of assets resulting in a less-favorable Chapter 7 plan for the Plaintiff.  Further, any recovery would belong to the estate, and not to Plaintiff.

Other Courts in the Fourth Circuit have applied judicial estoppel as a basis for dismissal of the case, when, as in this matter, the Plaintiff has totally failed to list the putative claim as a contingent and unliquidated claim.  *See, e.g., Brockington v. Jones*, 2008 U.S. Dist. LEXIS 4802 (D.S.C. Nov. 28, 2007) (employee was judicially estopped from asserting discrimination and harassment claims against her employer where she made sworn representations to bankruptcy court that she had no contingent claims against the employer); *Casto v. American Union Boiler Co.*, No. 2:05-cv-757, 2006 U.S. Dist. LEXIS 14781 (S.D. W.Va. Mar. 14, 2006) (judicial estoppel barred age discrimination claim that former employee had failed to identify in bankruptcy proceeding).

For the foregoing reasons, Plaintiff is judicially estopped from pursuing the employment discrimination and retaliation claims she asserts in this lawsuit because of her prior denial of any

11

such claims to the Bankruptcy Court.   The doctrine of judicial estoppel thus provides an additional justification for dismissing this case with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

**C.     The Court Should Issue A Protective Order To Stay All Proceedings In This Case, Including Discovery, Pending The Resolution of Safeway's Motion To Dismiss.**

A protective order is warranted where a party can show good cause to protect it from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). In the instant case, there is good cause to immediately stay discovery and all future proceedings in this case, including the October 2, 2014 deposition, for numerous reasons:

1.      As set forth above, Plaintiff does not have standing to bring the claims in this lawsuit, let alone to conduct discovery.   When Plaintiff filed her bankruptcy petition, she relinquished control over this lawsuit to the bankruptcy trustee.

2.      Plaintiff should not be permitted to benefit from the discharge of her bankruptcy petition, in which she failed to disclose this lawsuit, while simultaneously seeking to recover in a lawsuit that no longer belongs to her.

3.      Plaintiff's failure to disclose the instant lawsuit to the Bankruptcy Court and her failure to disclose her bankruptcy petition to Safeway has already resulted in Safeway unknowingly spending time, money, and effort litigating a case that is not properly before this Court.

4.      Forcing Safeway to spend *further* time, money and effort on discovery or any further proceedings when Plaintiff lacks standing to pursue this lawsuit clearly constitutes an undue burden and an undue expense.

5.     Safeway would be unduly prejudiced by incurring the considerable expense and burden of preparing company witnesses for deposition and defending those depositions when Plaintiff has no right to take any depositions in this matter.

6.     With regard to the October 2, 2014, deposition, Safeway was fully prepared to present its witness for deposition until discovering that Plaintiff has no standing to pursue this lawsuit.  Forcing Safeway to produce any witness to give sworn testimony in a deposition taken by an improper party constitutes an unreasonable and undue burden.

7.     Despite Safeway's confidence that Plaintiff's case should be dismissed, Safeway informed Plaintiff's counsel that Safeway will agree to a reasonable extension of the discovery period should its Motion to Dismiss be denied.  Therefore, Plaintiff is not prejudiced by awaiting the Court's decision on Safeway's Motion to Dismiss.

In summary, this lawsuit no longer belongs to Plaintiff and she has no right or ability to take discovery or conduct any other proceedings.   Indeed, the lawsuit no longer belongs before this Court.  Accordingly, Safeway respectfully requests that the Court grant Safeway's motion for a protective order staying discovery and all future proceedings in this case pending resolution of Safeway's motion to dismiss.

**D.     Local Rule 104.7 Certificate Regarding Conference of Counsel.**

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, counsel for Safeway hereby certifies that Safeway attempted in good faith to confer with opposing counsel prior to seeking this protective order.  Safeway discovered on Tuesday, September 30, 2014, that Plaintiff had filed for bankruptcy when Plaintiff was directly questioned on this topic during her deposition.  On October 1, 2014, at 3:08 p.m., after reviewing Plaintiff's bankruptcy filings (which she had never produced) and applicable law, Safeway's counsel, Larry Seegull, notified

Plaintiff's counsel, George Rose, that Safeway would be filing a motion to dismiss due to plaintiff's lack of standing and pursuant to the doctrine of judicial estoppel. Mr. Seegull further explained that, in light of this new development, Safeway would be seeking to stay all discovery and future proceedings pending the resolution of its motion to dismiss and was cancelling the October 2, 2014 deposition of a Safeway witness. Thereafter, Mr. Seegull and Syed Shaun Bokhari, another attorney for Plaintiff, communicated between the hours of 4:24 p.m. and 6:24 p.m. Plaintiff's counsel strenuously disagreed with Safeway's position and the Parties were unable to reach resolution. Safeway's counsel thus determined that it was necessary to unilaterally seek this protective order. As discussed above, Safeway requests that the Court grant a protective order staying all proceedings in this matter, including all discovery, pending resolution of Safeway's motion to dismiss.

## V.    **CONCLUSION**

For the foregoing reasons, Safeway maintains that Plaintiff lacks standing to pursue the instant lawsuit because she surrendered control of the claim to the bankruptcy trustee upon filing her June 24, 2014 Petition. In addition, Plaintiff is judicially estopped from asserting the instant claims because of her prior inconsistent position in her bankruptcy petition, *i.e.,* that she was not a party to any lawsuit, including any lawsuit against Safeway. Accordingly, Safeway respectfully requests that the Court grants this Motion and dismiss Plaintiff's Second Amended Complaint with prejudice.

In addition, Safeway submits that conducting any additional discovery or other litigation of this matter would place an enormous and undue burden and expense on Safeway given that Plaintiff is not a proper party to this lawsuit and has no right to engage in such litigation.

Accordingly, Safeway respectfully requests that the Court grant its motion for a protective order staying all discovery and other proceedings pending resolution of Safeway's motion to dismiss.

October 1, 2014

Respectfully submitted,

_____/s/_____

Larry R. Seegull (22991)
Linda M. Boyd (27692)
Jackson Lewis LLP
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
410.415.2004 (direct)
410.415.2001 (facsimile)
larry.seegull@jacksonlewis.com
linda.boyd@jacksonlewis.com

Attorneys for Defendant
*Safeway Inc.*

15