IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARIA JONES
*Plaintiff,*

v.

SAFEWAY, INC.,
*Defendant.*

Civil Action No. ELH-12-03547

**MEMORANDUM**

In December 2012, Maria Jones filed suit against her employer, Safeway, Inc. ("Safeway"), alleging discrimination in employment. ECF 1. Plaintiff alleged, *inter alia,* that she had received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") with respect to a charge of discrimination that she filed in February 2012. Plaintiff subsequently amended her suit on several occasions. The Second Amended Complaint, filed in May 2014 (ECF 42), pursuant to a Consent Motion (ECF 40), and with leave of court (ECF 41), is the operative Complaint. The Second Amended Complaint, predicated on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq. ("Title VII"), and Maryland law, added allegations pertaining to a second charge of discrimination filed by Ms. Jones with the EEOC in October 2014.[1] Jones claimed she received a demotion that was "causally linked to [her] protected activity of filing her discrimination lawsuit in December 2012. . . ." ECF 42 ¶ 17.

As amended, the suit contains three remaining claims. In particular, Count One alleges retaliation, in violation of Title VII; Count Two alleges retaliation under Maryland statutory law;

[1] Plaintiff alleged that the second EEOC complaint was filed in October 2014, ECF 42, ¶ 4, but the year appears to be a typographical error. Presumably, she meant 2013.

and Count Three alleges race discrimination/disparate treatment, in violation of Title VII.[2]

On October 1, 2014, Safeway filed a "Motion To Dismiss And For Protective Order To Stay Proceedings" (the "Motion"), pursuant to Rules 12(b)(1), 12(b)(6), and 26(c) of the Federal Rules of Civil Procedure (ECF 56). The Motion is supported by a memorandum (ECF 56-1) and several exhibits.

In the Motion, Safeway complains that on September 30, 2014, during plaintiff's deposition, it learned for the first time that in June 2014 plaintiff filed a Voluntary Petition for Bankruptcy ("Voluntary Petition") in the District of Maryland under Chapter 7, captioned *In re Maria Faye Jones*, Case 14-20116. *See* ECF 56-3, Safeway Ex. 2 at 1-7 (Voluntary Petition). By the time of plaintiff's deposition on September 30, 2014, plaintiff's bankruptcy case had already been closed. Although the Voluntary Petition was filed through counsel and under penalty of perjury, *id*. at 5, 32, plaintiff failed to disclose her Title VII lawsuit in her Voluntary Petition, as required. Safeway Exh. 2 at 9-11 (Schedule B). Nor did plaintiff list the pending lawsuit in her Statement Of Financial Affairs. Safeway Exh. 2 at 25-26. Therefore, Safeway maintains that plaintiff lacks standing to pursue her discrimination claim.

Plaintiff opposes the Motion ("Opposition," ECF 58) and has filed a memorandum in support of her position, ECF 58-1, along with an Affidavit, ECF 58-2. Safeway has replied ("Reply," ECF 59).

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons stated below, I will deny the Motion, without prejudice to Safeway's right to renew its Motion, as set forth herein.

[2] In an Order of June 30, 2014 (ECF 53), I dismissed Count Four, alleging a disparate impact claim of racial discrimination under Title VII.

**Factual and Procedural Background**

As noted, plaintiff filed a Chapter 7 Voluntary Petition during the pendency of her Title VII case against Safeway. The Voluntary Petition was filed through counsel and under penalty of perjury. ECF 56-3 at 5, 32. The attorney for the bankruptcy filing is not the attorney representing plaintiff in the Title VII case.

In connection with the filing of the Voluntary Petition, plaintiff was required to disclose "contingent and unliquidated claims of every nature…." ECF 56-3, Ex. 2 at 10. Although plaintiff listed a "pending Worker's Compensation Settlement," *id*., she did not disclose her discrimination lawsuit against Safeway. Similarly, in the Statement of Financial Affairs, plaintiff was required to "[l]ist all suits or administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy petition." *Id*. at 26. Plaintiff checked the box indicating "None." *Id*. Jones reported liabilities of over $153,000. *Id.* at 7. The Bankruptcy Court granted plaintiff a discharge and closed her bankruptcy case on September 23, 2014. *See* ECF 56-4, Safeway Exh. 3 (Order Granting Discharge Of Debtor).

In its Motion, Safeway claims that dismissal is warranted. According to Safeway, plaintiff lacks standing to pursue her claim of discrimination because she failed to disclose this pending lawsuit on her Voluntary Petition; her claims in the lawsuit became an asset of the bankruptcy estate; and only the bankruptcy trustee had authority to assert the claims. ECF 56 at 1. Alternatively, Safeway maintains that plaintiff is judicially estopped from proceeding with the discrimination claims against Safeway based on her failure to report her discrimination case in the Chapter 7 Voluntary Petition. Safeway asserts: "By seeking redress for those claims here, Plaintiff takes an inconsistent position than she did in her bankruptcy petition. As a result, Plaintiff should be judicially estopped from proceeding with this lawsuit." ECF 56 at 2.

Ms. Jones concedes that she omitted any reference to the pending discrimination lawsuit in her June 2014 Voluntary Petition. ECF 58-1 at 8. Moreover, she recognizes that the bankruptcy trustee is a real party in interest to pursue monetary relief, because the facts giving rise to her Title VII case occurred prior to the filing of her bankruptcy petition. *See* 11 U.S.C. § 541(a); ECF 58-1 at 8. However, she contends that her conduct does not warrant dismissal of the discrimination lawsuit.

In her Affidavit (ECF 58-2), plaintiff essentially argues that her conduct was inadvertent, not intentional, and attempts to explain her failure to include information in the Voluntary Petition about her discrimination case. Ms. Jones asserts that her bankruptcy lawyer asked her only to provide information with respect to any matters for which she expected to receive "a payout in the year 2014." ECF 58-2, ¶ 5. Ms. Jones avers: "I did not provide any information about my discrimination and retaliation lawsuit to [my attorney] because I did not believe that I would receive any money from the lawsuit in 2014 . . . ." *Id*. Further, she avers: "I was afraid of discussing the discrimination lawsuit with [my lawyer], because I perceived him to be a 'Safeway Attorney.' I later learned that [my lawyer] was indeed paid . . . by Safeway. . . ." *Id*. Ms. Jones also observes that, at her deposition, she "testified truthfully about [the] June 2014 bankruptcy case." *Id.* ¶ 6.

Plaintiff vigorously disagrees with Safeway's contention that "this Court lacks subject matter jurisdiction over [plaintiff's] entire case" on the ground that Ms. Jones lacks "'standing' to sue due to her omission of the instant case from the Debtor Schedule in her June 2014 bankruptcy filing." ECF 58-1 at 5. According to plaintiff, the issue is not one of standing, as Safeway would have the Court believe. Rather, it is about the real party in interest. *Id*. In the view of plaintiff, "the remedy is to cure the defect in the pleading through the vehicles made

available under Rule 17(a) [of the Federal Rules of Civil Procedure] (by ratification, joinder, or substitution), and not to dismiss the case." ECF 58-1 at 6.

In plaintiff's Memorandum (ECF 58-1), she asserts that the bankruptcy trustee, Zvi Guttman, Esquire, is agreeable to reopening the bankruptcy case to list the discrimination lawsuit; to ratify the continuation of the Title VII lawsuit; and to be joined or substituted as the person bringing the discrimination case. ECF 58-1 at 3. Further, Ms. Jones consents to the role of Mr. Guttman, as outlined by her lawyer. *See* ECF 58-2, ¶ 8.

Notably, plaintiff has not provided an affidavit from her bankruptcy attorney, verifying plaintiff's claim that her bankruptcy counsel only asked her to disclose claims for which she anticipated payment in 2014. Nor has the bankruptcy trustee filed an affidavit to confirm plaintiff's representations as to his willingness to reopen the bankruptcy case and to join or ratify this lawsuit.

**Discussion**

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). A federal court's jurisdiction depends upon a plaintiff's standing. The question of standing concerns whether the litigants are "entitled to have the court decide the merits of the dispute." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). In federal court, standing refers to both "the jurisdictional requirements of Article III and the prudential limits on its exercise." *United States v. Windsor*, ____ U.S. ____, 133 S. Ct. 2675, 2687 (2013); *see also, e.g., Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004), *abrogated in part by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, ____ U.S. ____, 134 S. Ct. 1377, 1387-88 (2014). The jurisdictional standing requirements derive from the "case or controversy" limitation in § 2 of

Article III of the Constitution. *See, e.g., Hollingsworth v. Perry*, ____ U.S. ____, 133 S. Ct. 2652, 2662 (2013). Only a plaintiff who has standing to sue has a case or controversy under Article III. *Steel Co. v. Citizens For A Better Env't.*, 523 U.S. 83, 102 (1998).

The case or controversy limitation "requires the litigant to prove that he has suffered a concrete and particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision." *Hollingsworth*, 133 S. Ct. at 2662 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). "In other words, for a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm." *Hollingsworth*, 133 S.Ct. at 2662. In *Hollingsworth*, the Supreme Court explained, *id*. at 266-7: "The Article III requirement that a party invoking the jurisdiction of a federal court seek relief for a particularized injury serves vital interests going to the role of the judiciary in our system of separated powers."

Fed. R. Civ. P. 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 628 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). "[A] motion to dismiss under Rule 12(b)(1) is nonwaivable and may be brought at any time—even on appeal—regardless of whether a litigant raised the issue in an initial pleading." *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 548 (4th Cir. 2006); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A test of subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true,'" or that other facts, outside the four corners of the complaint, preclude the exercise of subject

matter jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001).

In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see also Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Evans v. B. F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). That is, "the court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Khoury*, 268 F. Supp. 2d at 606 (citation omitted). The district court should grant a Rule 12(b)(1) motion "'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" *Evans*, 166 F.3d at 647 (citation omitted).

Based on the principles outlined above, I will consider the parties' exhibits with respect to plaintiff's bankruptcy proceedings. There is no dispute as to the content of the filings themselves, and they are integral to the resolution of the Motion.

In construing the exhibits, it is important to understand relevant bankruptcy provisions and principles. Under federal bankruptcy law, the bankruptcy estate comprises, with exceptions not applicable here, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1); *see also* 11 U.S.C. §§ 301-303. Moreover,

under the Bankruptcy Code, "property of the estate" is "construed 'broadly to encompass all kinds of property, including intangibles.'" *Bogdan v. JKV Real Estate Servs.*, 414 F.3d 507, 512 (4th Cir. 2005) (quoting *Integrated Solutions, Inc. v. Service Support Specialties, Inc.*, 124 F.3d 487, 490 (3d Cir. 1997)). "More specifically, 'property of the estate' under [11 U.S.C.] § 541(a) has 'uniformly been interpreted to include causes of action.'" *Bogdan*, 414 F.3d at 512 (quoting *Polis v. Getaways, Inc.*, 217 F.3d 899, 901 (7th Cir. 2000)).

Accordingly, a discrimination lawsuit, and the underlying facts of the discrimination claim, are intangible assets that must be disclosed to the bankruptcy court in a voluntary bankruptcy petition. *See Wieburg v. GTE Southwest, Inc.*, 272 F.3d 302, 306 (5th Cir. 2001); *Robertson v. Flowers Baking Co. of Lynchburg, LLC*, 2012 WL 830097, at *3 (W.D. Va. March 6, 2012), *aff'd*, 474 Fed. App'x. 242 (4th Cir. 2012) (per curiam); *see also Ruffin v. Lockheed Martin Corp.*, WDQ 13-2744, 2014 WL 2069988 (D. Md. May 15, 2014); *Vanderheyden v. Peninsula Airport Comm'n*, 4:12CV46, 2013 WL 30065, at *I (E.D. Va. Jan. 2, 2013).

When a bankruptcy petition is filed, "the debtor surrenders the right to control the estate, including existing or potential legal claims, to the bankruptcy trustee." *Robertson*, 2012 WL 830097, at *4 (*citing* 11 U.S.C. §§ 323(a), 701; *In re Richman*, 117 F.3d 1414, at *1 (4th Cir. 1997)). The estate also includes claims that are not disclosed. *See Sain v. HSBC Mortg. Servs., Inc.*, 2009 WL 2858993, at *5 (D.S.C. Aug. 28, 2009) ("[A] cause of action becomes a part of the [bankruptcy] estate whether or not it is disclosed by the debtor'). And, in Chapter 7 bankruptcy cases, only the bankruptcy trustee—as the representative of the bankruptcy estate—may pursue causes of action that belong to the bankruptcy estate, even if those causes of action were not disclosed to the bankruptcy court. *See Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.,*

*Inc.*, 187 F.3d 439, 441 (4th Cir. 1999); *Harris v. hhgregg, Inc.*, 2013 WL 1331166, at *5 (M.D.N.C. Mar. 29, 2013).[3]

*National American Ins. Co. v. Ruppert Landscaping Co., Inc., supra,* 187 F.3d 439, provides guidance. There, creditors of the bankrupt sought to pursue their claims in a suit against the bankrupt's transferee, alleging successor liability. The Fourth Circuit recognized that, "[i]f a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." (citing *Steyr-Daimler-Puch of America Corp. v. Pappas*, 852 F.2d 131, 136 (4th Cir. 1988)); *see Miller v. Pacific Shore Funding*, 287 B.R. 47 (D. Md. 2002) (Smalkin, J.) (dismissing the case for lack of subject matter jurisdiction because, due to plaintiffs' filing for bankruptcy, they lacked standing to sue), *aff'd*., 92 Fed. App'x. 933, 937 (4th Cir. 2004) ("affirm[ing] the dismissal of the [plaintiffs'] claims for lack of subject matter jurisdiction as a result of the subsequent bankruptcy filing"; recognizing that "only the bankruptcy trustee can pursue" plaintiffs' claims); *see also Pappacoda v. Palmetto Health,* 2014 WL 4417559 at *2-5 (D. S.C. Sept. 8, 2014) (granting summary judgment for the employer on the plaintiff's claims of employment discrimination because, following plaintiff's filing for bankruptcy, only the trustee had standing to bring a cause of action belonging to the estate).

*Robertson*, *supra,* a discrimination case under the Americans with Disabilities Act, is also instructive. In that case, Judge Moon said, 2013 WL 830097, at *5: "Significantly, the bankruptcy trustee's authority . . . extends over causes of actions, such as Plaintiff's claims here, that were never disclosed to the bankruptcy court in the debtor-plaintiff's bankruptcy filing." *See Hutchins v. Internal Revenue Serv.*, 67 F.3d 40, 43 (3d Cir. 1995) ("[S]ince the bankrupt

[3] In *Royal v. R&L Carriers Shared Servs. L.L.C.*, 3:12-CV-00714, 2013 WL 1736658, at *3 (E.D. Va. Apr. 22, 2013), the court noted that Chapter 13 debtors, unlike Chapter 7 debtors, retain standing to sue on their pre-petition causes of action.

estate retains unscheduled assets, only the bankruptcy trustee has the authority to control them"); The *Robertson* Court also cited several district court cases within the Fourth Circuit in which courts have dismissed "for lack of subject matter jurisdiction where the debtor-plaintiff failed to disclose the existence of such claims in [the] Chapter 7 bankruptcy filing." 2013 WL 830097, at *5 (citing cases).

Section 554(a) of the Bankruptcy Code is also relevant. Pursuant to that provision, a trustee may "abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). When a trustee abandons property under § 554, the property "ceases to be a part of the estate," and it "reverts to the debtor and stands as if no bankruptcy petition was filed." *Dewsnup v. Timm*, 908 F.2d 588, 590 (10 Cir. 1990), *aff'd*, 502 U.S. 410 (1992) (internal citations omitted); *see also Terjen v. Santoro*, 30 F.3d 131 (Table), 1994 WL 411603 (4th Cir. Aug. 5, 1994) ("title to abandoned property reverts to the debtor as it was held previous to the filing of bankruptcy") (internal citations omitted); 5 Collier on Bankruptcy ¶ 554.02 [3] (15 ed. rev. 2009) ("[A]bandonment constitutes a divestiture of all of the estate's interests in the property. Property abandoned under Section 554 reverts to the debtor, and the debtor's rights to the property are treated as if no bankruptcy petition was filed.").

To be sure, when Jones initiated this litigation, she had standing. But, once plaintiff filed her Voluntary Petition, her discrimination claim no longer belonged to the bankruptcy estate. And, only the trustee could pursue it. Nor is there evidence of abandonment of the claim by the trustee. Thus, plaintiff no longer has standing to pursue her discrimination claim against Safeway.

That determination is not dispositive, however. Fed. R. Civ. P. 17 is also pertinent. Rule 17(a)(3) states, in part: "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Here, the trustee is the real party in interest. *See Wieburg, supra,* 272 F.3d at 308.

*Ruffin*, *supra*, is noteworthy. There, the plaintiff failed to disclose a pending EEOC charge on her bankruptcy petition. To be sure, the district court dismissed for lack of subject matter jurisdiction. But, it did so only after the bankruptcy court had reopened the plaintiff's case, allowed her to make the necessary amendments to the petition within 30 days, the plaintiff failed to do so for more than five months, and the bankruptcy trustee did not move to intervene in the pending case. *See* 2014 WL 2069988, at *6.

As Safeway points out, in the time since this issue surfaced, plaintiff has not moved the bankruptcy court to reopen the bankruptcy estate to add this lawsuit. Nor has she sought to have the former trustee reappointed. And, she has not produced a ratification agreement. Nevertheless, because the Motion was pending, plaintiff may have thought the prudent course was to await the court's ruling.

As I see it, the proper course here is to afford plaintiff a reasonable time to seek to reopen the bankruptcy case so as to amend the petition, and to afford the trustee the opportunity to intervene in this action, ratify it, or abandon the claim. *See, e.g.*, *Wolfe v. Gilmour Mfg. Co.*, 143 F.3d 1122, 1126-27 (8th Cir. 1998). As plaintiff points out, this result "favors the interests of creditors who would have an opportunity to capture some of the possible recovery from the instant case, and respects the liberal rules of the bankruptcy court that allow schedules to be freely amended for the benefit of creditors." ECF 58-1 at 8. Moreover, allowing the trustee to

intervene is a far less drastic alternative then dismissal. *See Wieburg, supra*, 272 F.3d at 309 (concluding that district court abused its discretion by dismissing action "without explaining why the less drastic alternatives of either allowing an opportunity for ratification by the Trustee, or joinder of the Trustee, were inappropriate."); Fed. R. Civ. P. 17(a)(3).

In view of the foregoing, I will afford plaintiff thirty days from the date of docketing of the accompanying Order to cure the standing issue.[4] Cure may be accomplished, *inter alia*, by the reopening of the bankruptcy case, coupled with the trustee's joinder, intervention, agreement authorizing continuation of the action and to be bound by the result, or abandonment. *See ICON Group, Inc. v. Mahogany Run Development Corp.*, 829 F.2d 473, 478 (3rd Cir. 1987). If the standing issue is not timely cured, Safeway may renew its Motion.

An Order follows.

Dated: December 3, 2014

/s/
Ellen Lipton Hollander
United States District Judge

[4] For this reason, I decline to address the issue of judicial estoppel.